FILED_____ LODGED
_____RECEIVED

JUN 22 2005

CLERK U.S. _____ ____ COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

05-CR-05466-PLAGR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STAR PHYSICAL THERAPY, LLC,

Defendant.

NO.  CR05 - 5466 RBL

PLEA AGREEMENT

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Susan Loitz, Assistant United States Attorney for said District, and the defendant, STAR PHYSICAL THERAPY, LLC ("STAR") and its attorneys, John W. Wolfe and Harold Malkin, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.     Waiver of Indictment.  Defendant STAR, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2.     Authorization to Enter Into Agreement.  Defendant STAR represents that it is authorized to enter into this Plea Agreement.  On or before the date of entry and filing of the Plea Agreement, STAR shall provide to the United States a true and correct copy of an appropriate and binding resolution authorizing STAR to enter into this Plea Agreement

1  and to appear at the Rule 11 hearing and enter the plea on behalf of the company.  STAR

2  shall appear at the Rule 11 hearing through Nancy Wong, the owner and chief executive

3  officer of STAR.

4

5      3.      The Charges.  Defendant STAR, having been advised of the right to have

6  this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the

7  charge of Health Care Fraud, in violation of Title 18, United States Code, Section 1347, as

8  contained in Counts 1 and 2 of the Information.  By entering this plea of guilty, Defendant

9  hereby waives all objections to the form of the charging document.

10

11     4.      Elements of the Offense.  The elements of the offense of Health Care

12  Fraud as charged in Counts 1 and 2, in violation of Title 18, United States Code,

13  Section 1347, are as follows:

14          First, the Defendant knowingly and willfully executed or attempted to

15      execute a scheme or artifice to defraud a health care benefit program as that term

16      is defined in Title 18, United States Code, Section 24.

17          Second, the Defendant executed or attempted to execute the scheme and

18      artifice to defraud by submitting false and fraudulent claims to a health care

19      benefit program in connection with payment for health care benefits and items.

20          Third, the Defendant submitted the false and fraudulent claims with the

21      intent to defraud the health care benefit program.

22

23     5.      The Penalties.  Defendant understands that the statutory penalties for each

24  count of Health Care Fraud, as charged in the Information, are as follows:    A fine of up

25  to Five Hundred Thousand dollars ($500,000.00); a period of probation of up to Five (5)

26  years; assessment of the costs of prosecution; and a Four Hundred Dollar ($400.00) special

27  assessment.

28

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL        - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1    Defendant STAR understands that in addition to the statutory maximum

2  penalties set forth above, the Court may order Defendant STAR to pay restitution to any

3  victim of the offense.

4    Defendant STAR further understands that it may be fined under the

5  Alternative Fines Provision set forth in Title 18, United States Code, Section 3571(d),

6  which provides: "If any person derives pecuniary gain from the offense, or if the offense

7  results in a pecuniary loss to a person other than the defendant, the defendant may be fined

8  not more than the greater of twice the gross gain or twice the gross loss unless imposition

9  of a fine under this subsection would unduly complicate or prolong the sentencing

10  process."

11    Defendant agrees that any monetary penalty the Court imposes, including the

12  special assessment, fine, costs or restitution, is due and payable immediately, and further

13  agrees to submit a completed Financial Statement of Debtor form as requested by the

14  United States Attorney's Office.

15

16    6.   <u>Rights Waived by Pleading Guilty</u>.   Defendant understands that, by pleading

17  guilty, it knowingly and voluntarily waives the following rights:

18    a.   The right to plead not guilty, and to persist in a plea of not guilty;

19    b.   The right to a speedy and public trial before an impartial jury;

20    c.   The right to the effective assistance of counsel at trial;

21    d.   The right to be presumed innocent until guilt has been established at

22  trial, beyond a reasonable doubt;

23    e.   The right to confront and cross-examine witnesses against Defendant

24  at trial;

25    f.   The right to compel or subpoena witnesses to appear on Defendant's

26  behalf at trial;

27    g.   The right to appeal a finding of guilt or any pretrial rulings.

28

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL          - 3 -

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1    7.    United States Sentencing Guidelines.  Defendant understands and
2  acknowledges that, at sentencing, the Court will consider the factors set forth in Title 18,
3  United States Code, Section 3553(a), and in the United States Sentencing Guidelines.  The
4  Defendant understands and acknowledges that the United States Sentencing Guidelines,
5  including those in Chapter Eight that provide guidance for the sentencing of corporate
6  defendants, may be considered by the Court.  Accordingly, Defendant understands and
7  acknowledges that:

8         a.    The United States Sentencing Guidelines, promulgated by the
9  United States Sentencing Commission, are applicable to this case;

10        b.    The Court will determine the appropriateness and amount of a
11  criminal fine;

12        c.    The Court will determine the appropriateness of imposition of a term
13  of probation and the terms and conditions of any probation imposed;

14        c.    The Court may impose any sentence authorized by law, up to the
15  maximum term authorized by law;

16        d.    The Court is not bound by any recommendation regarding the
17  sentence to be imposed, or by any calculation or estimation of a criminal fine offered by
18  the parties, or by the United States Probation Department; and

19        e.    Defendant may not withdraw a guilty plea solely because of the
20  sentence imposed by the Court.

21

22    8.    Ultimate Sentence.  Defendant acknowledges that no one has promised or
23  guaranteed what sentence the Court will impose.

24

25    9.    Restitution.  STAR understands that in addition to any term of probation
26  and/or fine that is imposed, the Court may order STAR to pay restitution to victim(s) of
27  the offense, as required by law.

28

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL        - 4

A.    Restitution to Non-Government Sponsored Health Care Benefit Programs

STAR understands and agrees that it will be required to pay restitution to non-government health care benefit programs. STAR and the Government agree that the appropriate amount of restitution to be paid to non-government sponsored health care benefit programs is Two Hundred Thousand Four Hundred Ninety-four Dollars ($200,494.00). The parties shall prepare, prior to entry of the plea pursuant to this Plea Agreement, a detailed schedule showing the distribution of this total among specific health care benefit programs. This restitution shall be paid prior to sentencing.

B.    Restitution and Damages to Government Sponsored Health Care Benefit Programs

The United States and STAR stipulate and agree that the following amounts are the correct amounts of restitution to be paid to Medicare, Part B, Medicaid, the State Industrial Insurance Program sponsored by the State of Washington's Department of Labor and Industries for injured workers ("L&I"), the U.S. Postal Service Worker's Compensation Program ("Postal"), TriCare, and the Federal Employees' Health Benefit Plan, all of which shall collectively be referred to as the "Government Sponsored Health Care Benefit Programs".

| $ | 119,511 | - | Medicare, Part B |
| $ | 17,213 | - | Medicaid |
| $ | 76,172 | - | L&I |
| $ | 2,805 | - | Postal |
| $ | 1,795 | - | TriCare |
| $ | 10,039 | - | Federal Employees Health Benefit Plan |

STAR and Nancy Wong have reached agreement with the United States and the State of Washington with respect to the amount of restitution and damages owed to the Government Sponsored Health Care Benefit Programs, and such agreement will be incorporated into a Civil Settlement Agreement prior to sentencing of STAR for the charges that are the subject of this Plea Agreement. Pursuant to this civil settlement,

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  STAR and Wong shall pay double damages to the Government Sponsored Health Care
2  Benefit Programs, so that the total amounts to be paid to with respect to Government
3  Sponsored Health Care Benefit Programs inclusive of the above noted restitution, are as
4  follows:

5       $      $239,022    -   Medicare, Part B

6       $       34,426    -   Medicaid

7       $      152,344    -   L&I

8       $        5,610    -   Postal

9       $        3,590    -   TriCare

10      $       20,078    -   Federal Employees Health Benefit Plan

11 The restitution and damages to the Government Sponsored Health Care Benefit
12 Programs shall be due and payable within five business days of the execution of the
13 Civil Settlement Agreement by the last signatory to the Civil Settlement Agreement.
14

15      10.     Loss Amounts.  The United States and STAR stipulate that the correct
16 amount of loss for purposes of § 2B1.1 and any other applicable section of the United
17 States Sentencing Guidelines is Four Hundred Twenty-eight *thousand* (ZLG) Twenty-nine Dollars
18 ($428,029).

19

20      11.     Statement of Facts.  The parties agree on the following facts in support of
21 Defendant's guilty plea and sentencing.  Defendant STAR admits it is guilty of the
22 charged offenses.

23

24      A.     Defendant STAR is a Washington limited liability company, with its
25 principal place of business at 1901 South Cedar Street, Tacoma, Washington.  STAR is in
26 the business of providing physical therapy services.  Nancy Wong has been STAR's Chief
27 Executive Officer and its sole owner since STAR's formation.  STAR has been in business
28 since 1997.

1          B.     Throughout the time that STAR has been in business, STAR has
2 regularly submitted claims for physical therapy services to the Government Sponsored
3 Health Care Benefit Programs and to privately sponsored health care benefit programs.
4 The Government Sponsored Health Care Benefit Programs and the privately sponsored
5 health care benefit programs shall be collectively referred to in the Plea Agreement as the
6 "Health Care Benefit Programs".

7

8          C.     Health Care Benefit Programs require that claims for services be
9 reported on claims forms that include information about the service provided, including a
10 description of the service made by use of standardized codes outlined in the Current
11 Procedural Terminology ("CPT") manual published annually by the American Medical
12 Association. STAR knew that in submitting claims to Health Care Benefit Programs, it
13 was required to report accurately the services it had provided.

14

15          D.     One form of physical therapy services offered by STAR was aquatic
16 therapy. Aquatic therapy is a type of therapeutic procedure and exercise done in a pool
17 that is designed to develop strength, endurance, range of motion and flexibility.

18

19          E.     STAR knew that the CPT code for individual aquatic therapy was
20 97113, and that this CPT code required constant one-on-one contact between the physical
21 therapist and the patient. STAR also knew that such therapy should be billed as one unit
22 of CPT code 97113 for each 15 minutes of therapy.

23

24          F.     STAR knew that the CPT manual also provided a method for billing
25 group therapy for therapeutic procedures (including aquatic therapy) provided in a group
26 of two or more, and that the CPT code for group therapy was 97150. The CPT manual
27 explained that "group therapy procedures involve constant attendance of the physician or
28 therapist, but by definition do not require one-on-one patient contact by the physician or

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL     - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  therapist." STAR knew that Aquatic therapy performed in a group setting should be billed
2  as one unit of 97150 for each patient, regardless of the length of the group session.

3

4            G.     At all relevant times, Health Care Benefit Programs had limitations
5  on what physical therapy services were covered by their Programs and the minimum
6  qualifications of the personnel providing the service for the service to be covered.  Some
7  examples of these limitations are the following.  Most Health Care Benefit Programs
8  required that the services of Physical Therapy Assistants be supervised by a Physical
9  Therapist in order for the services of the Physical Therapy Assistant to be covered.  Most
10  Health Care Benefit Programs did not cover physical therapy services provided by persons
11  who did not have credentials as physical therapists or physical therapy assistants, and
12  accordingly most Health Care Benefit Programs did not cover the services of physical
13  therapy aides or exercise specialists. Some Health Care Benefit Programs, including the
14  Retail Clerks Welfare Trust Health Care Program, did not cover aquatic therapy regardless
15  of who was providing the therapy.  STAR was aware of these limitations.

16

17            H.     Beginning by at least January 1, 1999 and continuing through at least
18  August 9, 2002, STAR devised and executed a scheme and artifice to defraud Health Care
19  Benefit Programs by submitting false and fraudulent claims for aquatic therapy with
20  knowledge of the falsity of claims or with reckless indifference to the truth or falsity of the
21  claims. The scheme and artifice to defraud included the following:

22

23            i.     STAR scheduled regular sessions for aquatic therapy at its
24  principal facility in Tacoma. The sessions were sometimes conducted by a team consisting
25  of a physical therapist and a physical therapy assistant. The sessions were sometimes
26  conducted by only a physical therapist, or by only a physical therapy assistant.  The
27  sessions were sometimes conducted by a team consisting of either a physical therapist or a

28

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL     - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  physical therapy assistant and an exercise specialist.  The aquatic therapy sessions typically

2  lasted for one hour.

3

4          ii.      Patients who received aquatic therapy at STAR typically

5  received one-on-one therapy when they first started the aquatic therapy program at STAR.

6  Thereafter, however, most patients who received aquatic therapy at STAR received such

7  therapy in a group setting with multiple other patients and with little or no one-on-one

8  contact with the STAR employee.

9

10         iii.     Aquatic therapy sessions at STAR were usually conducted in a

11  group setting.  The number of patients in the pool for aquatic therapy sessions often

12  included three to six patients, and sometimes included up to ten or more patients.

13

14         iv.      STAR regularly billed for individual aquatic therapy under

15  CPT Code 97113 when it knew it should have billed for group therapy under CPT Code

16  97150, with the intent to defraud the Health Care Benefit Programs.

17

18         v.       STAR regularly billed for substantially more units of

19  individual aquatic therapy under CPT Code 97113 than were provided to patients, with the

20  intent to defraud Health Care Benefit Programs.

21

22         vi.      STAR sometimes billed for aquatic therapy under CPT Code

23  97113 when no such therapy was provided to the patient because either no STAR provider

24  was in the pool, or no one-on-one contact was made with the patient in the pool, with the

25  intent to defraud the Health Care Benefit Programs.

26

27         vii.     Employees at STAR were provided with a billing sheet to

28  record services to patients for billing purposes.  This billing sheet was devised by Nancy

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL          - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1   Wong. There was no option on the billing sheet for recording group therapy.  The only
2   option on the billing sheet with respect to aquatic therapy was 97113, the CPT code that
3   required one-on-one patient contact.  Pursuant to instructions from STAR CEO and owner,
4   Nancy Wong, employees typically recorded multiple individual units of aquatic therapy for
5   each patient in the pool during aquatic therapy sessions based on the time each patient was
6   in the pool while the STAR employee was also in the pool, without regard to whether or
7   how long each patient had one-on-one contact with the STAR employee during the
8   session.

9

10          viii.    STAR routinely billed multiple individual units of aquatic
11   therapy for each patient, regardless of the number of patients and physical therapists or
12   physical therapy assistants in the pool during the aquatic therapy sessions.  As a result of
13   this general practice, STAR substantially overbilled for aquatic therapy.  For example,
14   with respect to one aquatic therapy session held on February 22, 2002, STAR submitted
15   claims for under CPT Code 97113 for eleven patients.    The claim for one patient reported
16   2 units of 97113; the claims for six patients reported 3 units of 97113 for each patient; and
17   the claims for four patients reported 4 units of 97113 for each patient.  Thus, the total units
18   of individual, one-on-one aquatic therapy reported this session was 36 units - equivalent to
19   9 hours of one-on-one physical therapy.

20

21          ix.     STAR sometimes submitted claims for aquatic therapy when
22   the patient was doing exercises in the pool alone, with no physical therapist or physical
23   therapy assistant present.  One example of this practice occurred on February 25, 2002.
24   After working with patient K.C. in the gym, a STAR physical therapist assistant advised
25   K.C. that she was free to use the pool.  K.C. exercised on her own in the pool, with no
26   STAR employee present.  STAR submitted claims to K.C.'s Health Care Benefit Program
27   as follows: 2 units of Therapeutic Procedures, CPT code 97110; and 2 units of aquatic
28

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL        - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1   therapy, CPT code 97113. The claim for aquatic therapy were false as there was no

2   aquatic therapy service provided by a STAR employee.

3

4              x.      STAR submitted claims for certain patients who participated in

5   aquatic therapy sessions but whose Health Care Benefit Program did not cover aquatic

6   therapy by falsely reporting that the patient received a different type of physical therapy

7   services that was covered by the Health Care Benefit Program. For example, in 2001 and

8   2002, STAR provided physical therapy treatments, including therapeutic procedures

9   performed in the gym and aquatic therapy performed in the pool to a patient whose initials

10  are F.C. Patient F.C.'s Health Care Benefit Program did not cover aquatic therapy.

11  Whenever STAR provided aquatic therapy to patient F.C., those services were falsely

12  reported on the claim to F.C.'s Health Care Benefit Program as therapeutic procedures

13  (CPT code 97110), rather than aquatic therapy (CPT 97113). STAR knew that F.C.'s

14  Health Care Benefit Program would not have paid for the aquatic therapy had it been

15  truthfully reported on the claim submitted by STAR.

16

17             I.      Two specific and representative illustrations of STAR's fraudulent

18  practices with respect to billing for aquatic therapy are as follows:

19

20             i.      STAR submitted claims with respect to an aquatic therapy

21  session that occurred on December 12, 2002, that lasted approximately one hour, and that

22  involved nine patients, one physical therapist, and one physical therapy assistant. The

23  Defendant submitted claims for a total of twenty (20) units of one-on-one therapy for the

24  nine patients involved in this session.

25         Neither the physical therapist nor the physical therapy assistant provided one-on-

26  one attention to certain patients in the pool during the session. For example, Patient 7,

27  whose initials are L.S., worked on his own with no one-on-one contact with the physical

28  therapist or physical therapy assistant. The physical therapist and physical therapy

1 assistant each provided one-on-one attention to certain of the patients in the pool for a few
2 minutes during the session, but no patient received more than 15 minutes of one-on-one
3 therapy during the session. Nevertheless, STAR submitted claims to Health Care Benefit
4 Programs for multiple units of one-on-one therapy for seven of the nine patients.

5 STAR submitted a claim to Puget Sound Workers Compensation Trust for three
6 units of CPT code 97113 for date of service December 12, 2001, with respect to Patient 7,
7 whose initials are L.S., thereby reporting that on December 12, 2001, Patient 7 received
8 approximately 45 minutes of one-on-one aquatic therapy. Puget Sound Workers
9 Compensation Trust was a Health Care Benefit Program as that term is defined in Title 18,
10 United States Code, Section 24. At the time that STAR submitted this claim to Puget
11 Sound Workers Compensation Trust, STAR knew the claim was false or fraudulent, in
12 that Patient 7 had not received any one-on-one aquatic therapy. STAR submitted the claim
13 with the intent to defraud Puget Sound Workers Compensation Trust.

14

15             ii.      STAR submitted claims with respect to an aquatic therapy
16 session that occurred on February 20, 2002, lasted approximately one hour, and involved
17 four patients and one physical therapist assistant. Three (3) units of one-on-one aquatic
18 therapy was billed for each of the four patients, for a total of twelve (12) units of one-on-
19 one therapy billed for the session.

20

21 These claims were false in that the maximum amount of one-on-one therapy that
22 could have been provided during the one hour session was a total of four (4) units. These
23 claims were also false in that the physical therapist assistant did not provide three (3) units
24 of one-on-one aquatic therapy to any of these four patients.

25

26 STAR submitted a claim to the Washington State Medicaid Program for three (3)
27 units of CPT code 97113 for date of service February 20, 2002 with respect to Patient 1
28 whose initials are K.C., thereby reporting that on February 20, 2002, Patient 1 received

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL          - 12

1  approximately 45 minutes of one-on-one aquatic therapy.  Washington State Medicaid
2  Program was a Health Care Benefit Program as that term is defined in Title 18, United
3  States Code, Section 24.  At the time that STAR submitted this claim to Washington State
4  Medicaid Program, STAR knew the claim was false or fraudulent, in that Patient 1 had not
5  received 3 units of one-on-one aquatic therapy.  STAR submitted the claims with the intent
6  to defraud Washington State Medicaid Program.

7

8      12.      Non-Prosecution of Additional Offenses.  As part of this Plea Agreement,
9  the United States Attorney's Office for the Western District of Washington agrees not to
10  prosecute Defendant for any additional offenses the Government believes are established
11  by the evidence in its possession as of the time of this Agreement that are based upon
12  evidence in its possession at this time, or that arise out of the conduct giving rise to this
13  investigation.  In this regard, Defendant recognizes that the United States has agreed not to
14  prosecute the Defendant for all of the criminal charges that the Government believes is
15  established by the evidence solely because of the promises made by Defendant in this
16  Agreement.  Defendant acknowledges and agrees, however, that for purposes of preparing
17  the Presentence Report, the United States Attorney's Office will provide the United States
18  Probation Office with evidence of all relevant conduct committed by Defendant.  The
19  United States Attorney's Office for the Western District of Washington further agrees not
20  to prosecute Nancy Wong individually for any offenses that are based upon the evidence in
21  its possession at this time, or that arise out of the conduct giving rise to this investigation.

22

23      13.      Voluntariness of Plea.  Defendant acknowledges that it has entered into this
24  Plea Agreement freely and voluntarily, and that no threats or promises, other than the
25  promises contained in this Plea Agreement, were made to induce Defendant to enter these
26  pleas of guilty.

27

28

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL        - 13

1        14.    Post-Plea Conduct. Defendant understands that the terms of this Plea
2 Agreement apply only to conduct that occurred prior to the execution of this Agreement.
3 If, after the date of this Agreement, Defendant or any of its officers should engage in
4 illegal conduct relating to the business of STAR or to these charges, including, but not
5 limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct
6 while pending sentencing, and false statements to law enforcement agents, the Pretrial
7 Services Officer, Probation Officer or Court, the United States is free under this
8 Agreement to seek a sentence that takes such conduct into consideration. Such a sentence
9 could include a sentencing enhancement under the United States Sentencing Guidelines or
10 an upward departure from the applicable sentencing guidelines range.

11

12        15.    Breach of Agreement. Defendant, through its authorized representative,
13 recognizes that the Government has agreed to not prosecute all of the criminal conduct that
14 the Government believes is established by the evidence as committed by the Defendant,
15 and has agreed not to prosecute Nancy Wong individually for any offenses that are based
16 upon evidence in its  possession at this time or that arise out of the conduct giving rise to
17 this investigation,  solely because of the promises made by the Defendant in this
18 Agreement.  If the Defendant breaches this Agreement, or if the Defendant attempts to
19 withdraw its guilty plea, the Government retains the right to present to the Grand Jury for
20 Indictment, all of the criminal violations established by the evidence against the Defendant
21 and Nancy Wong.  If as a result of a breach of this Plea Agreement, the Government
22 elects to pursue any charge that was not filed as a result of this Agreement, the Defendant
23 and Nancy Wong expressly waive all defenses based upon the statue of limitations except
24 to the extent that such defenses existed as of the date of the signing of this Plea Agreement
25 and subject to paragraph 16 below. By separate Agreement executed herewith, Nancy
26 Wong has acknowledged her agreement to be bound in her individual capacity to this
27 paragraph as well as paragraph 16 below.

28

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL      - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1    16.    Statute of Limitations. In the event that this Agreement is not accepted by
2  the Court for any reason, or Defendant has breached any of the terms of this Plea
3  Agreement, the statute of limitations as to Defendant and Nancy Wong shall be deemed to
4  have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of
5  non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on
6  which a breach of the Plea Agreement by Defendant is discovered by the United States
7  Attorney's Office.

8

9    17.    Completeness of Agreement. The United States and Defendant
10 acknowledge that these terms constitute the entire Plea Agreement between the parties.
11 This Agreement only binds the United States Attorney's Office for the Western District of
12 Washington. It does not bind any other United States Attorney's Office or any other office
13 or agency of the United States, or any state or local prosecutor.

14    Dated this 22 day of June , 2005.

15

16

17    Defendant: Star Physical Therapy, LLC

    By: _Nancy W._____

18    NANCY WONG,
    Owner and Chief Executive Officer

19

20    _____

21    JOHN W. WOLFE
    Attorney for Defendant Star Physical Therapy

22

23    _____
    HAROLD MALKIN
    Attorney for Defendant Star Physical Therapy

24

25    _____
    FLOYD G. SHORT

26    Assistant United States Attorney

27    _____

28    SUSAN LOITZ
    Assistant United States Attorney

PLEA AGREEMENT/
STAR Physical Therapy
CR 05-5466 RBL        - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970